IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GARY THOMPSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2370-G-BN |
| | § | |
| BACON NATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Gary Thompson filed a *pro se* complaint against Defendant Bacon Nation alleging "retaliation, wrongful termination, violation of Title VII protected complaint, slander, libel." Dkt. No. 3 (some caps omitted).

Thompson also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4.

So Senior United States District Judge A. Joe Fish referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Thompson's IFP motion through an order that set out deficiencies in the allegations and offered Thompson an opportunity to file an amended complaint. *See* Dkt. No. 6.

Thompson timely filed an amended complaint. *See* Dkt. No. 7 & 10. Thompson then moved for summary judgment on his allegations and to compel discovery. *See* Dkt. Nos. 8, 9, & 11.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should deny the motion to compel and for summary judgment and dismiss the amended complaint.

## Discussion

As the Court explained to Thompson in the notice of deficiency, 28 U.S.C. § 1915(e)(2)

> requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
>
> Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
>
> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
>
> But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).
>
> On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*
>
> And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).
>
> In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).
>
> So, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating

"simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

And, to the extent that Thompson asserts claims of employment discrimination, "the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

"But [Thompson] is still required 'to plead sufficient facts *on all of the ultimate elements*' of [an employment-based] claim." *Id.* (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); emphasis in *Norsworthy*).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim ... : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is, for example,

> "[a] complaint need not allege "each prong of the prima facie test for disparate treatment" ... ; to support a disparate treatment claim under Title VII, though, it must plausibly set out facts that the "defendant took the adverse employment action against a plaintiff *because of* her protected status." [Accordingly, a] plaintiff must allege "facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees of other races or national origin more favorably."

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); emphasis in *Raj*).

Considering these standards, Thompson's complaint alleges just labels and is therefore subject to dismissal.

But the Court will allow Thompson the opportunity to amend the claims, to assert all "facts sufficient to show" that the claims asserted – employment discrimination or otherwise – have "substantive plausibility," so that the operative complaint contains allegations that show that Thompson is entitled to relief. *Johnson*, 574 U.S. at 12.

Dkt. No. 6.

Advised of these pleading standards and the need to provide facts to support the claims asserted, Thompson filed an amended complaint consisting of just more labels: "Title VII of the civil rights Act of 1964 *Religion Discrimination, Wrongful Termination, Retaliation, Harassment *Genetic information discrimination." Dkt. No. 7; *accord* Dkt. No. 10.

The Court should therefore dismiss the amended complaint.

These pleading deficiencies also require the Court to deny any motion for discovery as at least premature.

And, because Thompson's allegations are deficient, he cannot prevail on a motion for summary judgment in his favor, which requires that he "establish beyond peradventure all of the essential elements of [each claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up; quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, 780 F.2d at 1194)).

But the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Thompson another opportunity to show that this case should not be dismissed and that the Court should instead, again, grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's

defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And the Court should dismiss this lawsuit with prejudice if Thompson fails to file timely objections that show a basis to amend to allege a plausible claim – that is: one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

The Court should deny the motions regarding discovery [Dkt. No. 11] and for summary judgment [Dkt. No. 8] and, unless Plaintiff Gary Thompson shows through timely objections a basis to further amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE